IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLYSON ALBRECHT, individually and as mother and best friend of RORY-MORRIS MARTIN ALBRECHT, a minor,<br>          Plaintiff,<br>vs.<br>KNOWLEDGE LEARNING CORP,<br>KNOWLEDGE LEARNING CENTERS, INC, KC DEVELOPMENT CORP.,<br>KINDERCARE REAL ESTATE LLC.,<br>KINDERCARE AND MS. KATHERINE DOE<br>          Defendants. | No. 08 CV 3922<br><br>JUDGE KENDALL<br>MAGISTRATRE JUDGE DENLOW |

**INITIAL JOINT STATUS REPORT**

1) The attorneys of record for each party including the attorneys expected to try the case:

   **For Plaintiff:** Attorney Joseph G. Klest.

   **For the Entity-Defendants:** Todd A. Rowden, Scott P. Clair, and Timothy L. Binetti

2) The basis for federal jurisdiction:

   **Plaintiff states:** The defendants corporations claim that there is complete diversity. However, Plaintiff sued a teacher "Ms. Katherine" who's name and address the defendants have not yet disclosed, it is suspected that Ms. Katherine resides in the state of Illinois which would defeat complete diversity.

   **The Entity-Defendants state:** The Plaintiff is an Illinois citizen. The Entity-Defendants are all citizens of Delaware and Oregon. The Defendant named as "Katherine Doe" is a fictitiously named person, so citizenship of that fictitious person is disregarded for purposes of diversity jurisdiction. 28 U.S.C. 1441(a). And the Plaintiff seeks in excess of $75,000 in this case. So there is diversity jurisdiction.

3) The nature of the claims asserted in the complaint and any expected counterclaim;

> **Plaintiff states:  This is a personal injury claim arising out of a teacher, Ms. Katherine, knocking a chair over onto the head of minor plaintiff causing a concussion resulting in seizures.  The claim is also based on the fact that the teachers at the Kindercare school did not seek immediate medical attention for the minor child and did not notify the mother of the injury until the following day.**

> **The Entity-Defendants State:  Plaintiff asserts a personal injury action relating to an alleged injury to a student enrolled at a KinderCare facility in a Chicago suburb.  Plaintiff alleges that a teacher at KinderCare knocked a chair on to the head of the child causing injury which is alleged to have later resulted in the child suffering more than one seizure.  Plaintiff also alleges that teachers at the KinderCare facility did not properly notify the child's mother of the alleged injury and did not properly seek medical attention for the child.  No counterclaim against the minor is anticipated.**

4) The and name of any party not yet served and the circumstances regarding non-service;

> **Plaintiff states that as discovery progresses other parties may be named.**

> **The Entity-Defendants state that Plaintiff's attorney has threatened to name all teachers working at the KinderCare facility as retaliation for their proper removal of this case.  The Entity-Defendants note that the Plaintiff did not name any individual defendants, except for the "Katherine Doe" Defendant, in Plaintiff's state court complaint.**

5) The principal legal issues;

> **Plaintiff is unaware of any other legal issues other than general tort law issues.**

> **The Entity-Defendants agree that this is a general negligence claim.**

6) The principal factual issues;

> **Plaintiff states he does not know what the defendants contention is or what if any factual issues will be raised by defendants position in this matter.**

2

>  **The Entity-Defendants deny that the minor was injured at a KinderCare facility, deny that the minor's alleged seizures were caused by any alleged injury at the KinderCare facility and deny the other material allegations made by the Plaintiff. And to the extent the minor was injured somewhere else and/or at the hands of some other person, the Entity-Defendants do not know the nature and extent of those injuries.**

7) Whether a jury trial is expected by either party;

>  **Plaintiff expects a jury trial.**
>
>  **The Entity-Defendants agree.**

8) A short description of any discovery undertaken to date and any anticipated in the future;

>  **Plaintiff has a court order from state court requiring the defendants to disclose the full name and address of it's employee Ms. Katherine by August 7, 2008. This was necessary because defendants refused to provide Plaintiff with "Ms. Katherine's" last name and address.**
>
>  **Entity-Defendants state that no discovery has been undertaken and that the Plaintiff's lawyer, <u>weeks after</u> this case had been properly removed (and the lawyer so notified), sought and received an order from the state court. The Plaintiff's lawyer did not inform the state court that this case had been removed, although the Entity-Defendants filed their Notice of Removal with the Clerk of the Circuit Court of Cook County and served the same on the Plaintiff's lawyer on July 10, 2008. The state court order is void, as this case had been properly removed at both the time the motion was filed and at the time the void order was entered. Plaintiff's lawyer should be sanctioned for this conduct. The Entity-Defendants anticipate discovery regarding the minor child's medical treatment, the minor child's family life, the minor child's ear surgery that occurred shortly before the alleged seizures, and the factual basis for any injuries he may have suffered.**

9) The earliest date the parties will be ready for trial and the length of the trial;

> **The Plaintiff at this time cannot determine the earliest date for trial as there maybe additional parties joined.**
>
> **The Entity-Defendants anticipate that a Fall 2009 trial date would be the earliest and state that the trial should last no more than three days. They further state that the joinder of any "additional parties" relates to the Plaintiff's lawyer's threat to join other teachers at the KinderCare facility as retaliation for the Entity-Defendants' proper removal of this case.**

10) Whether the parties unanimously consent to proceed before the Magistrate Judge;

> **If this case stays in Federal Court the Plaintiff consents to proceed before the Magistrate.**
>
> **The Entity-Defendants do not consent to proceed before the Magistrate.**

11) The status of any settlement discussions and whether the parties request a settlement conference.

> **Plaintiff attempted to initiate settlement discussions before the suit was filed and the defendants have denied liability.**
>
> **The Entity-Defendants state that Plaintiff's attorney, or someone acting on his behalf, showed up at the KinderCare facility during business hours while other children were present at the school to further his "investigation" of the alleged incident and alleged "settlement discussions." At this time, no settlement discussions will be fruitful because there is no indication the minor was injured at a KinderCare facility.**

**Attorney for Plaintiff**
Joseph Klest
1701 E. Woodfield Road
Suite 909
Schaumburg, IL 60173
847.969.9510

**Attorneys for Entity-Defendants**
Todd A. Rowden
Scott P. Clair
Timothy L. Binetti
Thompson Coburn LLP
55 E. Monroe
Chicago, IL 60603
312.580.2327